U.S. COURTS

APR - 5 2010

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES FEDERAL DISTRICT COURT

FOR THE DISTRICT OF [IDAHO]

| | |
|---|---|
| [ Delores A. Trimble]<br><br>Plaintiff,<br>v.<br>[Idaho National Laboratory,<br><br>And Battelle Energy Alliance,<br><br>And Jodi Bragassa, And<br><br>Michelle Kennedy, And Steve<br><br>Johnson, And Toni Vandel,<br><br>And Arantza Zapala.]<br>Defendant(s). | Pro Se, Federal Court No.<br><br>_____ |

## COMPLAINT

COMES NOW the plaintiff, [Delores Trimble], appearing pro se, and for a complaint against the defendant[s] above named, states, alleges, and avers as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction under Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA) under Federal Law. And under the Retaliation Act under Federal Law, Whistle Blowers aw under Federal Law.

2. This action is commenced pursuant to ADA And Retaliation Labor Law in the Workplace and Medical Leave Act.

## GENERAL ALLEGATIONS

3. The plaintiffs, [Delores Trimble] are citizens of the State of [Texas], United States of America. Employed in the State of [Idaho], United States of America.

4. Defendants, [Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa,

1 | Sunday, March 28, 2010

Delores A. Trimble Plaintiff, V. Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And   Toni Vandel, And Arantza Zapala.

And Michelle Kennedy, And Steve Johnson, And Toni Vandel, And Arantza Zapala.] own and at all times pertinent to the complaint have owned and been employed by the Idaho Department of Energy State of Idaho commercial business [insert e.g. contractor of employment etc.] at [ 1955 Freemont St. Idaho Falls Idaho].

5. Plaintiffs are individuals with disabilities that cause a physical mobility impairment. [Delores Trimble] use(s) Clarinex since a accident in which she was a passenger in a public transportation carrier see [Delores Trimble v. Danny Leon Gardner] [Delores Trimble physical mobility limits her to areas of her surrounding, and is disabling to Delores Trimble when exposed to workplace chemicals and radiation] for physical mobility. All Plaintiff want to [is be gainfully employed.] defendants' [ workplace refuses to accommodate [discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and by failing to accommodate her disability and by terminating her employment because of that disability.] but the establishment requires employee's to work in deadly conditions. Plaintiff was forced to work under conditions that caused temporary death and physical disabling conditions to the physical parts of the plaintiff's body. [Defendant's refused and/or ignored her medical records and defendant's refused Plaintiff a per-employment physical which was part of her employment offer].

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., establishing the most important civil rights law for persons with disabilities in our country's history.

7. The Congressional statutory findings include:

>    a. "some 43,000,000 Americans have one of more physical or mental disabilities . . .;
>
>    b. "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;
>
>    c. "discrimination against individuals with disabilities ties persists in such critical areas as . . .public accommodations;
>
>    d. "individuals with disabilities continually encounter various forms of discrimination, including . . .the discriminatory effects of architectural . . .
>
>    e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous . . ."42 U.S.C. section l2101(a).

8. Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

2  Sunday, March 28, 2010

Delores A. Trimble Plaintiff, V. Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And Toni Vandel, And Arantza Zapala.

> a. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and
>
> c. "to invoke the sweep of Congressional authority . . . to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. section 12101(b).

9. Congress gave commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.

10. Nevertheless, [Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And Toni Vandel, And Arantza Zapala.]not eliminated [Beryllium and Radiation and Chemicals exposure] barrier that prevents persons using [Medications that cannot control inhalant exposure and for refusing Plaintiff's safety equipment] from [inhalant of the chemicals used] in this commercial establishment.[Photos Exhibit "A" and Letter Of Warning Exhibit "A-1".]

11. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. section 12181.

12. Congress included a "[Government establishments]" as a public accommodation covered by the Act. 42 U.S.C. section 12181.

13. Defendant's at MFC Nuclear Site] is a [Government Controlled Establishment ].

14. As relevant to the present action, discrimination includes, "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such is readily achievable." 42 U.S.C.. section 12182(b)(2)(A)(iv).

15. The U.S.. Department of Justice, in promulgating the federal regulations to implement this Act, defines "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense," including ["Safety Equipment or whatever is needed]."28 C.F.R. section 36.304(a) - (c).

16. Other commercial facilities similar to the defendant's have made similar modifications, like what [we, I] ask here. Defendant could easily make its business accessible but has chosen not to comply with The Americans with Disabilities Act.

17. To assist businesses with complying with the ADA, Congress has enacted a tax credit for small businesses and a tax deduction for all businesses. See Section 44 and 190 of the IRS Code. An eligible small business is allowed a tax credit equal to 50% of the

3  Sunday, March 28, 2010

Delores A. Trimble Plaintiff, V. Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And Toni Vandel, And Arantza Zapala.

amount of the eligible access expenditures between $250 and $10,500 for any tax year. A business that removes architectural barriers e.g., by modifying building structures entrances, doors and doorways, may receive an annual tax deduction of up to $15,000 each year.

18. Plaintiffs want to [eat, work ,and use safety equipment.] in the defendant's [restaurant, and building's, etc.].

## FIRST CLAIM OF RELIEF

19. Pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., and the federal regulations promulgated pursuant to this Act, 28 C.F.R. §36.304, defendant was to give Plaintiff reasonable accommodations.

20. By failing to remove the architectural barrier and refusing use of safety equipment where such removal and use is readily achievable, defendant discriminates against plaintiffs and violates the Americans with Disabilities Act.

## SECOND CLAIM

## COMPLAINT

COMES NOW the plaintiff, [Delores Trimble], appearing pro se, and for a complaint against the defendant[s] above named, states, alleges, and avers as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction under Title VII of the Civil Rights Act, under the Retaliation Act under Federal Law, Whistle Blowers law under Federal Law.

2. This action is commenced pursuant to Retaliation [Whistle Blowers] Law in the Workplace.

## GENERAL ALLEGATIONS

3. The plaintiffs, [Delores Trimble] are citizens of the State of [Texas], United States of America. Employed in the State of [Idaho], United States of America.

4. Defendants, [Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And  Toni Vandel, And Arantza Zapala.] own and at all times pertinent to the complaint have owned and been employed by the Idaho Department of Energy State of Idaho commercial business [insert e.g. contractor of employment etc.] at [ 1955 Freemont St. Idaho Falls Idaho].

5. Plaintiffs are individuals with knowledge of paperwork and document's and

4 | Sunday, March 28, 2010

Delores A. Trimble Plaintiff, V. Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And  Toni Vandel, And Arantza Zapala.

knowledge of deadly chemicals if public is exposed. [Delores Trimble] used classified databases in position of [Project Financial and Program Controls Manager] that clearly showed a cover-up to keep the public and the United States Government from finding out that fuel was being made with Beryllium and if the public was exposed it could cause death and physical mobility disabilities. All Plaintiff wanted to do [was to protect herself and others from this toxic chemical.] defendants' [workplace refuses to accommodate] but the establishment requires employee's to work in deadly conditions. And requires the citizens of the State of Idaho and Plaintiff to work under conditions that caused temporary death and physical disabling conditions to the physical parts of the plaintiff's body and to the human bodies of the resident's of the State of Idaho. [Defendant's requested Plaintiff to destroy all records showing the chemicals and their costs for manufacturing].

## THIRD CLAIM

## COMPLAINT

COMES NOW the plaintiff, [Delores Trimble], appearing pro se, and for a complaint against the defendant[s] above named, states, alleges, and avers as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction under the Retaliation Act under Federal Law, And the Whistle Blowers law under Federal Law.

2. This court has jurisdiction for Plaintiff's whistleblower complaint against the defendants [Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And Toni Vandel, And Arantza Zapala.] own and at all times pertinent to the complaint have owned and been employed by the Idaho Department of Energy State of Idaho commercial business [insert e.g. contractor of employment etc.] at [ 1955 Freemont St. Idaho Falls Idaho].

   3. A **whistleblower** is a person who raises a concern about wrongdoing occurring in an organization or body of people, usually this person would be from that same organization. The revealed misconduct may be classified in many ways; for example, a violation of a law, rule, regulation and/or a direct threat to public interest, such as fraud, health/safety violations, and corruption. Whistleblowers may make their allegations internally (for example, to other people within the accused organization) or externally (to regulators, law enforcement agencies, to the media or to groups concerned with the issues).

Whistleblowers frequently face reprisal - sometimes at the hands of the organization or group which they have accused, sometimes from related organizations, and sometimes under law.

Case 4:10-cv-00180-BLW Document 1 Filed 04/05/10 Page 5 of 8

5  Sunday, March 28, 2010

Delores A. Trimble Plaintiff, V. Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And Toni Vandel, And Arantza Zapala.

4. In the United States, legal protections vary according to the subject matter of the whistleblowing, and sometimes the state in which the case arises.[8] In passing the 2002 Sarbanes-Oxley Act, the Senate Judiciary Committee found that whistleblower protections were dependent on the "patchwork and vagaries" of varying state statutes.[9] Still, a wide variety of federal and state laws protect employees who call attention to violations, help with enforcement proceedings, or refuse to obey unlawful directions.

The first U.S. law adopted specifically to protect whistleblowers was the Lloyd-La Follette Act of 1912. It guaranteed the right of federal employees to furnish information to the United States Congress. The first U.S. environmental law to include an employee protection was the Water Pollution Control Act of 1972, also called the Clean Water Act. Similar protections were included in subsequent federal environmental laws including the Safe Drinking Water Act (1974), Resource Conservation and Recovery Act (also called the Solid Waste Disposal Act) (1976), Toxic Substances Control Act (1976), Energy Reorganization Act of 1974 (through 1978 amendment to protect nuclear whistleblowers), Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA, or the Superfund Law) (1980), and the Clean Air Act (1990). Similar employee protections enforced through OSHA are included in the Surface Transportation Assistance Act (1982) to protect truck drivers, the Pipeline Safety Improvement Act (PSIA) of 2002, the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21"), and the Sarbanes-Oxley Act, enacted on July 30, 2002 (for corporate fraud whistleblowers).

The patchwork of laws means that victims of retaliation need to be alert to the laws at issue to determine the deadlines and means for making proper complaints. Some deadlines are as short as 10 days (for Arizona State Employees to file a "Prohibited Personnel Practice" Complaint before the Arizona State Personnel Board; and Ohio public employees to file appeals with the State Personnel Board of Review). It is 30 days for environmental whistleblowers to make a written complaint to the Occupational Safety and Health Administration [OSHA]. Federal employees complaining of discrimination, retaliation or other violations of the civil rights laws have 45 days to make a written complaint to their agency's equal employment opportunity (EEO) officer. Airline workers and corporate fraud whistleblowers have 90 days to make their complaint to OSHA. Nuclear whistleblowers and truck drivers have 180 days to make complaints to OSHA. Victims of retaliation against union organizing and other concerted activities to improve working conditions have 180 days to make complaints to the National Labor Relations Board (NLRB). Private sector employees have either 180 or 300 days to make complaints to the federal Equal Employment Opportunity Commission (EEOC) (depending on whether their state has a "deferral" agency) for discrimination claims on the basis of race, gender, age, national origin or religion. Those who face retaliation for seeking minimum wages or overtime have either two or three years to file a civil lawsuit, depending on whether the court finds the violation was "willful."

6 | Sunday, March 28, 2010

Delores A. Trimble Plaintiff, V. Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And Toni Vandel, And Arantza Zapala.

## 5. Conscientious Employee Protection Act (CEPA)

**CEPA**, whistleblower law, prohibits an employer from taking any retaliatory action against an employee because the employee does any of the following:

- Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of a law, or a rule or regulation issued under the law, or, in the case of an employee who is a licensed or certified health care professional, reasonably believes constitutes improper quality of patient care;

- Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation issued under the law by the employer or another employer, with whom there is a business relationship, or, in the case of an employee who is a licensed or certified health care professional, provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into quality of patient care; or

- Objects to, or refuses to participate in, any activity, policy or practice which the employee reasonably believes: is in violation of a law, or a rule or regulation issued under the law, or, if the employee is a licensed or certified health care professional, constitutes improper quality of patient care; is fraudulent or criminal; or is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.[19]

7 | Sunday, March 28, 2010

Delores A. Trimble Plaintiff, V. Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And Toni Vandel, And Arantza Zapala.

WHEREFORE, the plaintiffs, [Delores Trimble], pray that the Court issue an injunction enjoining the defendant from continuing its discrimination and that the Court award plaintiffs such additional or alternative relief as may be just, proper, and equitable, including costs.

                                        Respectfully submitted,

                                        [ *signature* ]
                                        [Delores Trimble]
                                        [3130 Webb Chapel Ext 322
                                        Dallas Texas 75220]
                                        PRO SE

Dated: 03/28/2010

8 | Sunday, March 28, 2010

Delores A. Trimble Plaintiff, V. Idaho National Laboratory, And Battelle Energy Alliance, And Jodi Bragassa, And Michelle Kennedy, And Steve Johnson, And Toni Vandel, And Arantza Zapala.